IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL B. WOOLMAN, | ) | 4:12CV3140 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BRYAN LGH, Community Mental | ) | |
| Health, DR. QUINN, and SEAN | ) | |
| FISHER, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Leave to Appeal in Forma Pauperis (Filing No. 9), Motion for Bill of Costs (Filing No. 10), Motion to Compel Discovery (Filing No. 11), and Motion to Strike Judgment (Filing No. 12), which the court liberally construes as a Motion for Relief Under Rule 60(b). Also pending is Plaintiff's Notice of Appeal. (Filing No. 8.) The court dismissed this matter without prejudice on August 28, 2012, because it lacked subject matter jurisdiction over the Complaint. (Filing Nos. 6 and 7.)

I.   **Leave to Appeal in Forma Pauperis**

Plaintiff has filed a Motion for Leave to Appeal in Forma Pauperis ("IFP"). (Filing No. 9.) Plaintiff is not a prisoner, and he was previously granted leave to proceed IFP in this matter. (Filing No. 5.) As set forth in Federal Rule of Appellate Procedure 24:

> (a) Leave to Proceed in Forma Pauperis ....
> (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for

the certification or finding.

Fed. R. App. P. 24(a)(3). The court finds that because Plaintiff proceeded IFP in the district court, he may now "proceed on appeal in forma pauperis without further authorization."

## II.  Motion for Bill of Costs

Plaintiff has filed a Motion for Bill of Costs. (Filing No. 10.) Federal Rule of Civil Procedure 54(d)(1) provides that costs should be allowed to the "prevailing party." Plaintiff is not a *prevailing party* in this matter. Therefore, his Motion for Bill of Costs is denied.

## III.  Motion to Compel Discovery

Plaintiff filed a Motion to Compel Discovery on August 30, 2012. (Filing No. 11.) As set forth above, the court dismissed this matter without prejudice on August 28, 2012. Therefore, Plaintiff's Motion to Compel Discovery is denied.

## IV.  Motion for Relief Under Rule 60(b)

Liberally construed, Plaintiff seeks relief from the court's judgment pursuant to Fed. R. Civ. Pro. 60(b)(6). (Filing No. 12.) Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988). However "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).

2

The court has carefully reviewed Plaintiff's Motion for Relief Under Rule 60(b). The filing is illegible and nonsensical. Even under the most liberal construction, Plaintiff has not set forth any "exceptional circumstances" that prevented him from fully litigating his claims or receiving adequate redress. Accordingly, Plaintiff's Motion for Relief Under Rule 60(b) is denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff is permitted leave to proceed in forma pauperis on appeal. His Motion for Leave to Appeal in Forma Pauperis (Filing No. 9) is granted to the extent it is consistent with this Memorandum and Order.

2. Plaintiff's Motion for Bill of Costs (Filing No. 10) is denied.

3. Plaintiff's Motion to Compel Discovery (Filing No. 11) is denied.

4. Plaintiff's Motion to Strike Judgment (Filing No. 12), construed as a Motion for Relief Under Rule 60(b), is denied.

5. The Clerk of the court shall provide the Court of Appeals with a copy of this Memorandum and Order.

DATED this 11th day of September, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.